Mr. Ryan McGeeney The Benton County Daily Record
104 S.W. "A" Street Bentonville, Arkansas 72712
Dear Mr. McGeeney:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that you have requested "access to and copies of any and all written records pertaining to the termination" of one Bentonville School District employee and "the resignations of" two additional Bentonville School District employees. The records custodian denied all three requests in full by relying on the personnel records exemption: "The documents you have requested . . . would be personnel records. . . . It is our judgment that [the release of] any such records would constitute . . . [a clearly unwarranted invasion of personal privacy] and accordingly, if they exist, we would decline to produce them."
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to state whether the decision of the records custodian is consistent with the FOIA. Not having seen the records in question, I cannot opine about whether any specific record must be released. Instead, I can only set out the legal standards the custodian must apply to determine whether the requested documents must be disclosed in whole or part. As the discussion below makes clear, I believe the records custodian has probably *Page 2 
mischaracterized the nature of the requested records. He needs to apply the appropriate definitions and tests explained below to determine whether the documents must be released.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met here. As for the first element, the documents are held by the Bentonville School District, which is a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2009). Because the records are held by a public entity, they are rebuttably presumed to be public records. Not having seen any of the records in question, I cannot assess whether the presumption is actually rebutted in this instance. If the presumption is rebutted, then the document fails this element and the document must not be released. If the presumption cannot be rebutted, then the FOIA analysis proceeds to the third element: whether any exceptions preclude disclosure. There are two relevant exceptions and a general overriding constitutional concern of which the custodian must be aware.
As for the third element, the FOIA provides two exemptions for items normally found in employees' personnel files.[1] For purposes of the FOIA, items in *Page 3 
employees' files can usually be divided into two mutually exclusive groups: "personnel records" under section 25-19-105(b)(12);[2] or "employee evaluation or job performance records" under section 25-19-105(c)(1).[3] The test for whether these two types of documents may be released differs significantly.
Personnel Records Exemption
If a document is a "personnel record," the document is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009). The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, p. 179 (m m Press, 4th ed., 2004).
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, *Page 4 826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the court in Young elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus privacy interest.Id. at 598, 826 S.W.2d at 255. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id.,826 S.W.2d at 255. Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998). The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective. E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
Whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 2003-201, 98-001. Several documents contained in personnel files are typically releasable under this standard, with appropriate redactions. I believe a current employee's job application, employment history, and any background investigation that served as a basis for his hiring constitute "personnel records" under the standard set forth above. As previously noted in Op. Att'y Gen. 2007-278:
 Certain . . . employment-related records found in police personnel files are typically subject to release with any appropriate redactions. See, e.g., Op. Att'y Gen. Nos. 2005-268 (mentioning job application documents, resumes, documents evidencing completion of psychological examination; and personal history statements as being subject to release with appropriate redactions); and 2004-178 (discussing training files with scores redacted).
In contrast, some information typically found in an employee's personnel file is not subject to release under the FOIA. Some of items that must be redacted include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); *Page 5 
driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); home addresses of most public employees (A.C.A. § 25-19-105(b)(13)); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
Evaluation-Records Exemption[4]
The second potentially relevant exception is for "employee evaluation or job performance records," which the FOIA likewise does not define. But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.Id.
If a document meets the above definition, the document canonly be released if all the following elements are met:
 1. The employee was suspended or terminated (i.e., level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2009). All these conditions must be present before an evaluation record may be released. Op. Att'y Gen. 2008-065. *Page 6 
As for the final prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra, at 207 (footnotes omitted).
Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
Constitutional Privacy Interests
Apart from the legal tests for personnel records and employee evaluation records, the custodian should be aware of some general constitutional implications of disclosure. Any party who may be identified from any of the requested records may have a constitutionally-protected privacy interest in those records. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with *Page 7 
regard to the release of documents containing constitutionally-protectable information. McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy-interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
Analysis
With all these legal principles in mind, we can now turn to evaluate the custodian's response in this case. The threshold question is whether the custodian correctly characterized all the responsive documents as personnel records. In my opinion, he likely incorrectly characterized at least some of the responsive documents. The request seeks "all written records pertaining to the termination" of a certain employee. If records were created by or at the behest of the employer, and those records evaluate an employee's performance, then they are properly classified as evaluation records — not personnel records.
Not having seen any records at issue, I cannot assess which records (if any) meet either the evaluation-records definition or personnel-records definition. Similarly, I cannot assess whether the test for the release of any of the responsive records is met. The custodian should closely evaluate the responsive records and characterize them in the manner the FOIA provides. If some of the records do, in fact, constitute evaluation records, then the custodian must apply the test explained above to determine whether the documents must be released.
I should note one other point regarding evaluation records. Your letter intimates that the two employees who resigned may have been forced to. If so, then there is a question about whether their resignation letters constitute evaluation records. This office has analyzed this issue before, so I will not rehash that analysis. Instead, I enclose Opinion No. 2007-322 for your review, which will explain the analysis.
As for whether the constitutional privacy concerns apply here, I cannot say. Any decision about whether the privacy right attaches is a highly factual decision that the custodian of records must initially make. If the custodian determines that the records contain constitutionally-protectable information (i.e., information that meets the McCambridge test), then the custodian must consider whether the *Page 8 
governmental interest in disclosure (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in withholding them. As always, the person claiming the right will have the burden of establishing it.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
Enclosure
[1] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 181-82 (4th ed., m m Press 2004).
[2] This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[3] This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] There are two types of evaluation records: job-performance records and employee-evaluation records. Both are subjected to the same test for release. To be consistent with the FOIA, I will use the term "evaluation records" to encompass both sub-categories.See A.C.A. 25-19-105(c)(1)-(3).
 *Page 1